THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| NEIL M. SCHMITT, | Case No. 2:11CV00381 DS |
| Plaintiff, | |
| vs. | MEMORANDUM DECISION AND ORDER ADDRESSING MOTION TO DISMISS OF CITIMORTGAGE, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
| STEARNS LENDING, INC., ET AL., | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Plaintiff defaulted under the terms of a Trust Deed and Note securing the repayment of a loan obtained to purchase a home located in Herriman, Utah.  Non-judicial foreclosure proceedings ensued.

Plaintiff filed this action purporting to assert claims for Declaratory Judgment, Intentional Misrepresentation, Negligent Misrepresentation, Quiet Title, and Breach of Covenant of Good Faith and Fair Dealing.  The essence of Plaintiff's position is that CitiMortgage, Inc. ("Citi") and Mortgage Electronic Registration Systems, Inc. ("MERS") did not have the authority to initiate foreclosure proceedings on the Trust Deed because the sale or assignment of the Note divested MERS of its right to assign its interest to Citi.

Citi and MERS move to dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #19).

## II. STANDARD OF REVIEW

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

## III. DISCUSSION

### A. Intentional & Negligent Misrepresentation Against Citi (Second & Third Claims)

Because Plaintiff does not contest these claims, as well as for the reasons outlined by Citi and MERS in their pleadings, their Motion to Dismiss with respect to the Second and Third claims is granted.

### B. Quiet Title (Fourth Claim)

The Court agrees with Citi and MERS that the Complaint fails to state a claim for quiet title. A "plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." *Church v. Meadow Springs Ranch Corp., Inc.,* 659 P.2d 1045, 1048-49 (Utah 1983).

Plaintiff fails to assert his own claim to title. He does not allege that he holds clear title to the subject property, or even that he is not in default under the Note. He admits executing the Deed of Trust and to conveying his interest in the property for the purpose of securing the loan.

Additionally, the Court agrees with Defendants that Plaintiff's quiet title claim is based on the oft-rejected "split the note' theory. "The Complaint plainly asserts that 'Plaintiff's Trust Deed and Note were intentionally separated ... during the

securitization process' and as a result of the securitization 'Defendants have no interest in the Subject Property'. Comp. ¶¶ 150-51" Reply at 10. As noted by Defendants, Courts in this jurisdiction have repeatedly held that the mortgage follows the note and rejected the "split the note" theory.

**C. Declaratory Relief (First Claim)**

In his claim for declaratory judgment, Plaintiff essentially alleges that Defendants lack authority to foreclose on the subject property. As set forth in Defendants' pleadings, Plaintiff's position has been rejected by courts of this district. Plaintiff agreed in the Trust Deed that MERS was the beneficiary and that MERS and its successors and assigns had the authority to foreclose on the subject property in the event of default by Plaintiff. Courts of this district have consistently held that the trust deed language at issue here, confers on MERS authority to foreclose on property on behalf of a lender. *See* Mem. Supp. at 6–9 (and cases cited therein). Plaintiff admits that Citi became a party to the Trust Deed through assignment. Compl. ¶ 157. As a result of that assignment, Citi had the authority to initiate foreclosure and appoint Halliday as successor trustee to conduct the foreclosure sale.

Plaintiff raises for the first time in his Reply the position that the Notice of Default is invalid and that the successor trustee, Halliday, lacked proper authority. Plaintiff's position,

4

that the Notice of Default is invalid because at the time Halliday executed and recorded the Notice of Default he was not a properly appointed trustee, is rejected. Consistent with Utah Code Ann. § 57-1-22(1)©, the Substitution of Trustee appointing Halliday contains a provision ratifying and confirming action taken on the beneficiary's behalf prior to the recording of the substitution of trustee.

**D. Breach of Covenant of Good Faith and Fair Dealing (Fifth Claim)( pled in the alternative)**

In the alternative, Plaintiff asserts that Defendants breached the implied covenant of good faith and fair dealing by, among other things, making misrepresentations regarding Plaintiff's ability to modify the terms of his Notes, failing to present evidence regarding the authority to foreclose, and by failing to provide proof as to the true holder of the Notes or as to authority as the agent of the investors for purposes of foreclosure. Compl. ¶ 161.

An implied covenant of good faith and fair dealing is inherent in every contract. *Oman v. Davis School Dist.*, 194 P.3d 956, 968 (Utah 2008). To prevail, Plaintiff must prove breach of this implied covenant through evidence showing an intentional effort to injure the other party's right to receive the benefits of the contract. *Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102,1113 (10th Cir. 2009). The covenant, however, does not establish new rights and duties to which the parties did not agree. *Id*.

This claim fails because the Complaint contains no factual allegations which show any deprivation by Defendants of any contractual benefits owed to Plaintiff under the Trust Deed and Note. There are no factual allegations which allege that Plaintiff was contractually entitled to a loan modification, or which requires Citi to prove its authority to foreclose. For these and similar reasons set forth by Defendant's in their pleadings, Defendants' Motion must be granted.

## IV. CONCLUSION

For the reasons stated, as well as generally for the reasons set forth by Defendants in their pleadings, Defendants' Motion to Dismiss the Complaint with prejudice (Doc. #19) is granted.

DATED this 31st day of August, 2011.

BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT